**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RHAGINE SAUMDERS, and KABBRIA MARTIN

*Plaintiffs,*

- against -

PAY-O-MATIC CHECK CASHING CORP.,

*Defendant.*

**RULE 23 CLASS ACTION COMPLAINT**

Plaintiffs RHAGINE SAUMDERS and KABBRIA MARTIN by and through their attorneys, Mohammed Gangat, Esq., complains of Defendant PAY-O-MATIC CHECK CASHING CORP. ("Defendant" or “Pay-O-Matic”), and alleges as follows::

1. Plaintiffs Rhagine Saumders and Kabbria Martin bring this action under the federal Worker Adjustment and Retraining Notification Act (29 U.S.C. § 2101 et seq., “WARN Act”) and the New York State Worker Adjustment and Retraining Notification Act (N.Y. Lab. Law § 860 et seq., “NY WARN Act”). Plaintiffs allege that Defendant abruptly terminated her employment—as well as hundreds of others—on September 12, 2025 without providing the requisite 60 days’ notice under the federal WARN Act or the 90 days’ notice required under NY WARN.

2. Plaintiffs also bring a class wide claim for uniform maintenance pay. Defendant required

3. This mass layoff does not qualify for the "unforeseeable business circumstances" exception under either the federal WARN Act or NY WARN Act. The closure of Defendant's business was the culmination of months of regulatory scrutiny, operational failures, and financial deterioration that any reasonably prudent employer would have foreseen.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over the WARN Act claims pursuant to 28 U.S.C. § 1331.

5. The Court has supplemental jurisdiction over Plaintiff's NY WARN Act claims under 28 U.S.C. § 1367 because they arise from the same facts and circumstances.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Pay-O-Matic conducts business in this District and a substantial part of the events giving rise to the claims occurred here.

## PARTIES

7. Plaintiff Rhagine Saumders is an adult over 18 years of age and resides in Bronx County, New York. Saumders was hired by the Defendant in 2015 and has worked as an hourly paid employee at Pay-O-Matic checks cashing locations in this district.

8. Plaintiff Kabbria Martin is an adult over 18 years of age and resides in Brooklyn County, New York. Martin was hired by the Defendant in June of 2025 and has worked as an hourly paid employee at Pay-O-Matic checks cashing locations in Brooklyn.

9. Defendant Pay-O-Matic Checks Cashing Corp. is a domestic business corporation with its service of process address listed in New York Department of State ("DOS") records as 160 OAK DRIVE, SYOSSET, NY, UNITED STATES, 11791.

10. Defendant's website describes itself as "New York's largest provider of check cashing & financial services. We have 100+ stores in neighborhoods throughout the Bronx, Brooklyn, Manhattan, Queens, Long Island, and the NYC area. Many stores are open late."

## FACTUAL ALLEGATIONS

11. Plaintiff Saumders worked for Defendant for over a decade before her abrupt

termination on September 12, 2025.

12. Plaintiff Saumders at the time of her termination was employed as an hourly worker at the Payomatic located at 2187 White Plains Rd Bronx, NY.

13. Plaintiff Martin worked at locations in the Bronx.

14. Plaintiffs worked full time, 40 hours per week.

15. On September 11, 2025 Plaintiff Saumders was suddenly notified—via a company-wide message sent to employees at the same time as to Defendant's customers that "Pay-O-Matic check cashing store locations are closed as of September 12, 2025."

16. Plaintiff Martin received a similar notice on September 15, 2025.

17. A public Google search revealed that on September 13, 2025 the New York State Department of Financial Services issued a notice stating: "PAYOMATIC, provider of check cashing and money transmission services, has ceased operations, and the Department has suspended the company's licenses."

18. Plaintiff thus had zero notice.

19. Plaintiff is one of hundreds of employees who received the same or similar immediate termination.

20. Defendant provided no written WARN Act notice 60 (or 90) days in advance. Nor did Plaintiff receive any individual or posted notice advising that a mass layoff was imminent until the day before her separation.

21. On information and belief, Defendant did not file a timely WARN notice with the New York State Department of Labor (or with local government entities) at least 90 days before the mass layoffs.

22. Upon information and belief, DFS investigations follow a predictable pattern

including: initial inquiry letters, document requests, examinations, notices of violations, opportunities to cure, administrative hearings, and multiple levels of review before license suspension—a process taking months, not days.

23. As early as July 11, 2025 one of Defendant's New York City locations was suspended from doing business by city regulatory authorities, providing clear warning of regulatory jeopardy.

24. Throughout Spring 2025, Defendant's locations experienced systemic transaction processing failures—the core function of the business.

25. Upon information and belief, Defendant failed to make required regulatory filings on time, demonstrating both financial distress and regulatory non-compliance that foreshadowed license suspension.

26. Upon information and belief, internal emails among senior management discussed "DFS concerns" and "license issues" for months before the employee terminations.

27. The closure was not caused by natural disaster, terrorism, or sudden external catastrophe, but by regulatory non-compliance that develops over months or years in the heavily regulated check-cashing industry.

28. Check-cashing businesses operate under extensive regulation where license compliance is fundamental, and any prudent operator knows violations result in suspension following lengthy administrative process.

29. Despite months of warning, Defendant made no apparent attempt to: sell the business, cure regulatory deficiencies, implement phased closure with proper notice, or seek emergency regulatory relief.

30. Defendant chose sudden mass termination without notice rather than any

commercially reasonable alternative that would have complied with WARN obligations.

31. Defendant cannot establish it exercised "commercially reasonable business judgment" when objective facts demonstrate months of warning signs.

32. The September 13, 2025 DFS notice stated Defendant "has ceased operations" and licenses were "suspended," indicating an administrative process already underway, not a sudden decision.

33. Defendant's failure to communicate any contingency plans to employees while knowing of regulatory risks demonstrates bad faith and willful WARN Act violations.

34. Upon information and belief, Defendant prioritized payments to secured creditors and insiders while failing to preserve funds for WARN Act obligations.

35. Plaintiffs and the other terminated employees therefore have a clear entitlement to the back pay, benefits, and other remedies provided under federal and New York WARN law, since the mass layoff plainly triggered both statutes' requirements.

36. During the relevant period for uniform maintenance pay claims, ie 6 years preceding the complaint, Defendant required employees to wear a uniform to work consisting of “tops” including shirts and sweater.

37. Defendant would not let individuals work if they did not have a compliant uniform top.

38. Defendant Saumders in a supervisory role enforced this policy.

39. In the early part of 2024, Defendant changed its uniform policy to allow variation. Whereas previously company braided uniform tops were provided and required, the company branding requirement was dropped.

**<u>STATEMENT OF CLAIMS</u>**

**COUNT I: VIOLATION OF THE FEDERAL WARN ACT (29 U.S.C. § 2101, et seq.)**

40. Defendant is an employer within the meaning of 29 U.S.C. §§ 203(d) and 206(a), and employed Plaintiffs.

41. Plaintiffs incorporate all foregoing paragraphs as though fully set forth herein.

42. The WARN Act requires employers of a certain size (100+ employees) to provide at least 60 days' written notice before ordering a "plant closing" or "mass layoff" (as those terms are defined by 29 U.S.C. § 2101).

43. Defendant was an "employer" under the WARN Act because it employed hundreds of employees. The mass layoff that included Plaintiffs affected more than the threshold number of employees necessary to trigger WARN obligations.

44. Plaintiffs and similarly situated employees did not receive 60 days' advance written notice of the mass termination that occurred on or about September 11, 2025.

45. Defendant's failure to provide proper notice violates the WARN Act. As a direct and proximate result, Plaintiffs suffered lost wages, lost benefits, and other damages for the statutory notice period.

46. Plaintiff Saumders is aware that one of location was suspended from doing business by the New York City regulating authority as of July 11, 2025.

47. Prior to the termination, Defendant's retail Payomatic locations experienced issues with completing transactions which is the core of what the business did.

48. Defendant's conduct was willful or, at minimum, was not in good faith, given that it must have been aware of pending issues with the New York State Department of Financial Services.

49. Pursuant to 29 U.S.C. § 2104(a), Plaintiffs see damages equal to wages and

benefits for the period of violation, plus attorneys' fees and any other relief deemed proper.

**SECOND CAUSE OF ACTION**

**Violation of New York WARN Act (N.Y. Lab. Law § 860 et seq.)**

50. Plaintiffs incorporate all foregoing paragraphs as though fully set forth herein

51. The NY WARN Act applies to employers with 50 or more full-time employees in New York State and requires at least 90 days' advance written notice before a mass layoff, relocation, or plant closing affecting 25 or more employees.

52. Defendants employed hundreds of full-time employees, and the layoff at issue affected hundreds of employees who lost their jobs.

53. Plaintiffs and other impacted employees were not given the 90 days' advance notice mandated by NY WARN. Instead, they were notified on September 11, 2025 that their employment would end immediately.

54. Under NY WARN, the "unforeseeable business circumstances" exception is construed narrowly. Defendant must have been aware of pending issues with the New York State Department of Financial Services.

55. As a direct consequence of Defendant's violation of NY WARN, Plaintiffs are entitled to back pay and benefits for each day of the statutory notice period not provided, as well as attorneys' fees and other authorized remedies under New York law.

**THIRD CAUSE OF ACTION**

**Uniform Maintenance Pay**

56. Defendants required Plaintiffs and the Class to wear a uniform.

57. Defendants did not launder Plaintiffs or the Class's required uniforms, nor did Defendants offer to launder them.

58. Plaintiffs and the Class's uniforms were issued by Defendants for the expressed benefit of Defendants and it was a condition of their employment to wear them during each shift.

59. Defendants never paid to Plaintiffs or the Class any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

60. Plaintiffs and the Class routinely spent time off-the-clock and money to clean and maintain their uniforms consistent with the uniform appearance standards Defendants required.

61. The hourly rate paid by Defendants to Plaintiffs and the Class were either the applicable minimum wage, or a rate that although above the minimum wage was effectively below the minimum wage when calculating the unpaid uniform maintenance pay.

62. Upon information and belief, the cost of Plaintiffs' uniforms were deducted from Plaintiffs wages.

63. In any event, Plaintiffs not only bring this claim for the cost of the uniforms but also the cost of maintaining the uniforms.

64. Defendants' conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including 12 N.Y.C.R.R. Part 142 the Minimum Wage Order for Miscellaneous Industries and Occupations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court enter judgment against Defendant as follows:

A. Certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure with respect to the claims asserted herein, appointing Plaintiffs as Class Representatives, and appointing undersigned counsel as Class Counsel;

B. An award of back pay to each Class member equal to sixty (60) days of wages at

the regular rate of compensation received by each such employee, as provided by 29 U.S.C. § 2104(a)(1);

C. An award equal to the cost of benefits, including the cost of medical expenses incurred during the employment loss period which would have been covered under an employee benefit plan, for sixty (60) days, as provided by 29 U.S.C. § 2104(a)(1);

D. A civil penalty of up to $500 per day for each day of Defendant's violation pursuant to 29 U.S.C. § 2104(a)(3), payable to the appropriate unit of local government;

E. An award of back pay to each Class member equal to ninety (90) days of wages at the regular rate of compensation received by each such employee, as provided by N.Y. Lab. Law § 860-g(1);

F. An award equal to the cost of benefits, including the cost of medical expenses incurred during the employment loss period which would have been covered under an employee benefit plan, for ninety (90) days, as provided by N.Y. Lab. Law § 860-g(1);

G. A civil penalty of up to $500 per day for each day of Defendant's violation pursuant to N.Y. Lab. Law § 860-g(2), payable to the New York State Department of Labor;

H. An award of unpaid uniform maintenance allowances owed to Plaintiffs and the Class pursuant to 12 NYCRR § 142,

I. Reimbursement for any uniform costs improperly deducted from Plaintiffs' and

J. An award of prejudgment interest and an award of post-judgment interest on all

amounts owed pursuant to 28 U.S.C. § 1961;

K. An award of reasonable attorneys' fees, costs, and disbursements incurred in prosecuting this action;

L. An award of costs and disbursements pursuant;

M. A declaratory judgment that Defendant's practices complained of herein violate the Federal WARN Act, the New York WARN Act, and the New York Labor Law;

N. An injunction requiring Defendant to comply with the notice provisions of the Federal and New York WARN Acts for any future employment actions;

O. Such other and further legal and equitable relief as this Court deems just, proper, and necessary to remedy Defendant's violations of federal and state law.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues of fact and damages properly triable by jury in this action.

Dated: New York, New York
September 15, 2025

**LAW OFFICE OF MOHAMMED GANGAT**

By: ______________________

Mohammed Gangat, Esq.
675 Third Avenue, Suite 1810
New York, New York
(718) 669-0714
mgangat@gangatllc.com
*Attorneys for Plaintiff*